## ACTION FOR COLLECTION OF A JUDGMENT FROM AN EXECUTOR.

Circuit Court of Cuyahoga County.

FRANK H. GINN, ASSIGNEE OF THE EUCLID AVENUE TRUST & SAVINGS COMPANY v. ALFRED C. HATHAWAY AND JOHN H. FARLEY, EXECUTORS OF THE LAST WILL AND TESTAMENT OF CHARLES HATHAWAY, DECEASED.

Decided, June 4, 1905.

*Executors and Administrators—Creditor's Bill May Reach Funds of Devisee.*

Where a judgment creditor of a devisee seeks by way of creditor's bill to reach funds in the hands of an executor, the fact that the judgment against the devisees was founded upon a promissory note upon which the testator was contingently liable as accommodation indorser, and that in his will he had directed that all debts or claims against the devisee should be canceled, is no defense to the action of the creditor. .

*Blandin, Rice & Ginn,* for plaintiff in error.

*Higley & Maurer, Forant & McTighe* and *Hogan & Parmely,* contra.

HENRY, J.; MARVIN, J., and WINCH, J., concur.

This cause comes into this court on appeal. Frank H. Ginn, as assignee of the Euclid Avenue Trust & Savings Company, seeks by way of a creditor's bill to collect from John H. Farley, as executor of the last will and testament of Charles Hathaway, deceased, a judgment for $1,960.05, with interest from January 20, 1904, recovered by said assignee against Alfred G. Hathaway, a son of said decedent.

The action, wherein said judgment was recovered, was brought upon a promissory note of which Alfred G. Hathaway was the maker and Charles Hathaway was an accommodation endorser. It is conceded that there are funds in the hands of the executor

of Charles Hathaway's will, which will under the terms thereof be payable to Alfred G. Hathaway, to an amount sufficient to satisfy this judgment.

The latter claims, however, that under Item 9 of his father's will, the executor is forbidden to deduct the amount in controversy from Alfred G. Hathaway's share of the estate. Said item provides:

"I do hereby direct that any note, or notes, check or checks, or any written obligation which I may hold at my decease against any legatee in this my will and any indebtedness of any one of them to me shall by my said executor be satisfied and discharged and fully receipted to them and each of them."

It is claimed that Alfred G. Hathaway, as maker of the promissory note before mentioned, was liable to his father as accommodation endorser thereof, in such a manner, at the date of the latter's death, as that, in contemplation of law and within the intention of the testator, there was an indebtedness of the son to the father, and the same is forgiven and canceled by the will.

The liability of the maker of a note, to indemnify or reimburse an endorser who is obliged to pay the same, is of course contingent until such payment by the endorser occurs. But it is claimed that even a contingent liability of this character is an indebtedness, or more accurately a debt, which the executor is bound by the will here to satisfy and discharge. Authorities are cited *pro* and *con* upon the question whether the word debt is broad enough to include mere contingent liabilities. The Supreme Court of this state seems to have decided this question in the negative. *Boies* v. *Johnson,* 1 C.C.(N.S.), 450 (25 C. C., 331); reversed without report in Supreme Court May 8, 1905.

However this may be, it is pointed out, on the other hand, that the liability of Alfred G. Hathaway thus to reimburse his father, rests upon an implied contract, which is distinct from their contract with the payee as evidenced by the note. The implied liability is wholly independent of the promissory note. Conceding then that this implied liability must be and is, by the terms of the will, wholly satisfied and discharged, the result

thus reached in no way affects Alfred G. Hathaway's primary liability to pay the note to the payee. And there being funds in the executor's hands belonging to Alfred G. Hathaway, applicable to the payment of his debt to plaintiff, no reason appears why they should not be so applied, and we so hold. The same principle governs another note of the same parties in the hands of another bank.

Certain other sums of money, aggregating with interest $2,-720.23, were paid by the testator in his lifetime upon obligations similar to the notes before mentioned, and as to these the relations of the parties is manifestly different. The son's liability to the father had become absolute. But the peculiar circumstances under which those payments were made are claimed to be such as to indicate a breach of trust by the son, which should preclude him from any benefit under his father's will until he has made full restitution. But the evidence shows that these transactions in the father's lifetime were so acted upon by him, as shown by his book of accounts, that he must be held to have treated the payments thus made for his son as mere debts of the latter to him. And as to these we hold that they are cancelled by the will.

There are certain cross-petitioners here whose rights are conceded by all parties, and no discussion thereof now is necessary.

A decree may be taken in accordance with this opinion.